PETERSON, J.,
concurring specially.
I agree with the result reached by the majority because Mr. Chodos failed to join indispensable parties that own a continuous route from a public right of way to the landlocked parcel. Mr. Chodos also failed to establish that the route he sought was the most practical. Practical does not necessarily mean a route that would be the most convenient and comfortable for him.
In this case, Mr. Chodos attempted to obtain a statutory way of necessity through a private airport community and over an improved route that was used as a taxiway for aircraft. The way of necessity sought by Mr. Chodos would only provide him with partial access to the nearest public road. He apparently believed that he was entitled to use the remainder of the route since it was an improved route used by members of the airport community for aircraft taxiways and access to a public road. He was mistaken because that route was also privately owned. Other parcels owned by persons not parties to this suit were required to complete the route selected by him. Further, the selected route would have been detrimental to the owners of lots in the airport community using the taxiway for aircraft.
Mr. Chodos chose to appear pro se in a matter that requires a complete understanding of a statutory provision which justly imposes an extraordinary burden on one seeking access by a statutory way of necessity. See Fla. Stat. § 704.01(2) (1997). Regretfully, he did not seek the assistance of competent legal counsel to satisfy those requirements.